<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____

|  |  |  |
|---|---|---|
| TRACY L. NICHOLLS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 09-5714 (GEB) |
| | ) | |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, | ) | |
| | ) | **MEMORANDUM OPINION** |
| | ) | |
| Defendant. | ) | |

_____

**BROWN, Chief Judge**

This matter comes before the Court upon a motion to dismiss by Portfolio Recovery

Associates, LLC ("Defendant") (Doc. No. 9) and upon a motion for summary judgment by Tracy

L. Nicholls ("Plaintiff") (Doc No. 10).  Plaintiff opposes Defendant's motion to dismiss and

Defendant opposes Plaintiff's motion for summary judgment.  The Court has reviewed the

parties' submissions and decided the motion without oral argument pursuant to Federal Rule of

Civil Procedure 78.  For the reasons that follow, the Court will deny Plaintiff's motion for

summary judgment and grant Defendant's motion to dismiss.

## I.      BACKGROUND

Plaintiff, a resident of Toms River, NJ, received a letter from Defendant[1] concerning an

_____

[1] For purposes of these motions, the Court will assume *arguendo* that Plaintiff is a
"consumer" under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692(a)(3) (2006) and that

1

alleged defaulted debt owed to HSBC Card Services (III), Inc. (Pl.'s Compl. ¶¶ 1, 4; Doc. No.

1.) The letter, dated May 1, 2009, stated the balance as being $646.68 and, in a paragraph below,

stated that:

> Portfolio Recovery Associates purchased the account referenced
> above on 04/21/09. Interest continues to accrue on this account until
> the account is satisfied. The stated balance includes interest as of the
> date of this letter. All future payments and correspondence for this
> account, including credit counseling service payments, should be
> directed to us. (Ex. A; Doc No. 1.)

The letter then lists a toll-free telephone number and email address at which Defendant may be

contacted in order to discuss payment arrangements. (*Id.*) Below this information, the letter

provides five methods of payment: phone, check, credit card, online, and fax. (*Id.*) The letter, in

bold text, then states:

> Unless you notify this office within 30 days after receiving this notice
> that you dispute the validity of this debt or any portion thereof, this
> office will assume this debt is valid. If you notify this office in
> writing within 30 days from receiving this notice that you dispute the
> validity of this debt or any portion thereof, this office will obtain
> verification of the debt or obtain a copy of a judgment and mail you
> a copy of such judgment or verification. If you request this office in
> writing within 30 days after receiving this notice this office will
> provide you with the name and address of the original creditor if
> different from the current creditor. (Ex. A; Doc No. 1.)

In smaller text, directly beneath the notice statement, the letter states that it is "from a debt

collector and is an attempt to collect a debt. Any information obtained will be used for that

purpose." (Ex. A; Doc. No. 1.)

Plaintiff filed a complaint in the Superior Court of New Jersey, Law Division, Ocean

County on October 5, 2009. (Doc. No. 1.) Defendant thereafter removed the case to this Court

---

Defendant is a "debt collector" under 15 U.S.C. § 1692(a)(6).

and filed a motion to dismiss on February 19, 2009.  (Doc. No. 9.)  Plaintiff filed a motion for

summary judgement on February 19, 2009.  (Doc. No. 10.)  Defendant filed a brief in opposition

to Plaintiff's motion on March 1, 2009.  (Doc. No. 12.)  Plaintiff filed an opposition to

Defendant's motion on March 2, 2009.  (Doc. No. 13.)  Finally, Defendant filed a reply brief on

March 8, 2009.  (Doc. No. 14.)

Plaintiff alleges that various statements contained in the letter violated the Fair Debt

Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (2006).  Specifically, she first alleges that the

statements concerning the balance owed and the interest accrued are capable of having two

different meanings to the "least sophisticated consumer" in violation of 15 U.S.C. § 1692e

(2)(A), (5), and (11).  (Pl.'s Compl. ¶¶ 15, 16; Doc. No. 1.)  Second, Plaintiff alleges that the

notice statements contained in the letter are capable of having two different meanings in violation

of 15 U.S.C. § 1692g.  (*Id.* at ¶¶ 20, 22.)  Third, Plaintiff alleges that Defendant's actions violate

the New Jersey Consumer Fraud Act, N.J. Stat. Ann. 56:8-2 (2010) (*Id.* at ¶ 25.)

## II.     DISCUSSION

### A.     Standard of Review

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) may be granted only

if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light

most favorable to the plaintiff, a court finds that the plaintiff has failed to set forth fair notice of

what the claim is and the grounds upon which it rests.  *Bell Atlantic Corp. v. Twombly*, 550 U.S.

544, 555 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  A complaint will survive a

motion to dismiss if it contains sufficient factual matter to "state a claim to relief that is plausible

on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 570).

The plausibility standard requires that "the plaintiff plead[] factual content that allows the court

to draw the reasonable inference that the defendant is liable for the misconduct alleged" and

demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing

*Twombly*, 550 U.S. at 556). Although a court must accept as true all factual allegations in a

complaint, that tenet is "inapplicable to legal conclusions," and "[a] pleading that offers 'labels

and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.*

(citing *Twombly*, 550 U.S. at 555); *see also Phillips v. County of Allegheny*, 515 F.3d 224, 231

(3d Cir. 2008). In evaluating a motion to dismiss, a court may consider only the complaint,

exhibits attached to the complaint, matters of public record, and undisputedly authentic

documents if the complainant's claims are based upon those documents. *See Pension Benefit*

*Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

### B.      Fair Debt Collection Practices Act Claims

Section 1692e of the Fair Debt Collection Practices Act ("FDCPA") states in pertinent

part, "[a] debt collector may not use any false, deceptive, or misleading representation or means

in connection with the collection of any debt . . . ." 15 U.S.C. § 1692e (2006). Subsection (2)(A)

of § 1692e makes it unlawful to make a "false representation of the character, amount, or legal

status of any debt;" subsection (5) states a violation for "[t]he threat to take any action that

cannot be legally taken or that is not intended to be taken;" and subsection (11) makes unlawful

"[t]he failure to disclose in the initial written communication with the consumer . . . that the debt

collector is attempting to collect a debt and that any information obtained will be used for that

4

purpose . . . ."  15 U.S.C. § 1692e (2)(A), (5), (11).

Section 1692g of the FDCPA sets forth the information that must be contained in the written notice to the debtor.  *See* 15 U.S.C. § 1692g (a).  The information that must be included consists of the following:

> (1) the amount of the debt; (2) the name of the creditor to whom to the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collection; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.  § 1692g (a)(1)–(5).

The purpose of the Fair Debt Collection Practices Act is to "eliminate abusive debt collection practices."  *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354 (3d Cir. 2000).  As a remedial statute, courts should "construe . . . broadly, so as to effect its purpose."  *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008) (citing *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 453 (3d. Cir. 2006)).  FDCPA claims alleging unlawful lender-debtor communications are analyzed under the "least sophisticated debtor" standard.  *See Rosenau*, 539 F.3d at 221; *Brown*, 464 F.3d at 454; *Quadramed*, F.3d at 354.  This standard is used in "order to effectuate the basic purpose of the FDCPA: . . . to protect all consumers, the gullible as well as the shrewd."  *Rosenau*, F.3d at 221 (citations omitted).  This is a low standard; however, it does not allow liability for "bizarre or idiosyncratic interpretations."  *Id.*  Debtors are presumed to have "a basic level of understanding and a willingness to read with care."  *Quadramed*, 225 F.3d at 354–55.

Finally, nothing should overshadow or contradict the validation notice required by the FDCPA; it

should be sufficiently large and sufficiently prominent to be noticed.  *See id.* at 355–56.

### 1.    *Plaintiff Failed to State a Claim for Violation of § 1692e*

Plaintiff alleges in her complaint that statements regarding the balance owed and the

interest accruing in the letter sent by Defendant were capable of having two different meanings.

However, the complaint does not explain what those two readings might be and whether either

one is material to the understanding of the letter or whether one of the readings is actually

inaccurate.  *See Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1033 (9th Cir. 2010) (finding

that an *immaterial* false or misleading statement is not actionable under § 1692e) (emphasis

added); *Brown*, 464 F.3d at 455 (reasoning that a debt collection letter is deceptive only where

one of two possible meanings is *inaccurate*) (emphasis added).

In her brief, Plaintiff provides two possible readings of the letter which she argues give

rise to a violation of § 1692e (2)(A).  (Pl.'s Br. 6; Doc. No. 10.)  First, Plaintiff asserts that one

reading of the statement would leave the reader with three options: to call the debt collector for a

sum certain; to conclude that she does not know how much interest will accrue on the account

and therefore, she will not know how much is actually owed; or to ignore the letter. (*Id.*)  The

first two options are accurate.  The letter clearly states the balance as of May 1, 2009, which

includes interest accrued, and then provides in a highlighted box several methods to discuss

payments.  As such, the recipient *correctly* infers that she likely needs a sum certain and that

interest has likely accrued since the date of the letter—information that may be obtained by

calling or emailing the Defendant.  Furthermore, the least sophisticated debtor is presumed to

have read the debt collection letter and therefore Plaintiff's third option, to ignore the letter, is

simply untenable.

Second, the Plaintiff contends that a reader might see the balance owed, read no further, and immediately mail a check for an insufficient amount as interest would have accrued since the date of the letter. (*Id.*)  However, again, the least sophisticated debtor is presumed to have, at the very least, read with care.  "[The least sophisticated debtor standard] does not go so far as to provide solace to the willfully blind or non-observant." *Campuzo-Burgos v. Midland Credit Mgmt.*, 550 F.3d 294, 299 (3d. Cir. 2008).  Therefore, the least sophisticated debtor would read beyond the first line of the letter to understand that the balance included interest and that "interest continues to accrue." (Ex. A; Doc. No. 1.)  Thus, Plaintiff has not stated a claim under § 1692e (2)(A) as she has not stated facts that can plausibly give rise to misleading or incorrect interpretations by the least sophisticated debtor.

Furthermore, the letter explicitly states that Defendant is "a debt collector and [the letter] is an attempt to collect a debt. Any information obtained will be used for that purpose." (Ex. A; Doc. No. 1.)  Thus, on its face, the letter satisfies § 1692e (11) which requires a collection letter to provide this exact language.  Also, the letter nowhere threatens action that cannot be legally taken and thus does not violate § 1692e (5).  Therefore, even accepting the factual allegations made in Plaintiff's complaint as true, the statement in Defendant's letter concerning the balance owed and accrued interest is not deceptive, nor even unclear.  Rather, Plaintiff's readings are bizarre and idiosyncratic legal conclusions, which are insufficient to survive a motion to dismiss.

2.     *Plaintiff Failed to State a Claim for Violation of §1692g*

Plaintiff also contends that the validation notice and statement that Plaintiff may contact Defendant through email are misleading. (Pl.'s Compl. ¶¶ 18–21; Doc. No. 1.)  The validation

7

notice is in bold type on the front of the notice.  (Ex. A; Doc. No. 1.)  It does not conflict with

any other statements contained in the letter so as to confuse the Plaintiff of her rights under the

FDCPA.  *See Quadramed*, 225 F.3d at 365 (holding that a debt collection letter did not violate §

1692g where the validation notice was the same font as the other writing and where the letter did

not emphasize one option over the other).  The validation notice paragraph tracks almost

verbatim that statutory requirements of § 1692g (a).  The letter contains the amount of the debt,

$646.68; the name of the creditor, HBC Card Services (III) Inc.; and the required statements, in

bold, concerning Plaintiff's legal rights.  There is no language in the letter that suggests that

Plaintiff has other rights which conflict with this notice statement.  Furthermore, nothing in §

1692g requires a debt collector to either include or omit an email address by which a debtor may

contact the collector.  Therefore, Plaintiff's factual allegations do not give rise to a reasonable

inference that the letter violates § 1692g and the Court is not bound by her legal conclusions to

the contrary.


### C.      New Jersey Consumer Fraud Act Claim

The New Jersey Consumer Fraud Act ("NJCFA") provides that "[t]he act, use or

employment by any person of any unconscionable commercial practice, deception, fraud, false

pretense, false promise, misrepresentation . . . in connection with the sale or advertisement of any

merchandise or real estate . . . " is unlawful.  N.J.S.A. § 56:8-2 (2010).  To state a claim under

the NJCFA, a plaintiff must show: "(1) unlawful conduct by defendant; (2) an ascertainable loss

by plaintiff; and (3) a causal relationship between the unlawful conduct and the ascertainable

loss."  *Bosland v. Warnock Dodge, Inc.*, 964 A.2d 741, 749 (N.J. 2009).

The statute does afford broad protections to New Jersey Consumers. *See id.* at 743. But the statute on its face does not provide a right of action to debtors contesting the actions of the creditor.  *See Joe Hand Promotions, Inc. v. Mills*, 567 F. Supp. 2d 719, 723–24 (D.N.J. 2008) (finding that a letter demanding the payment of a settlement did not fall within the NJCFA because plaintiff was in no way induced to purchase merchandise or real estate); *Boyko v. Am. Int'l Group, Inc.*, 2009 U.S. Dist. LEXIS 119339, at *9 (D.N.J. Dec. 23, 2009) (finding the NJCFA inapplicable where defendant sent notices regarding a debt).  The NJCFA requires fraud *in connection with the sale or advertisement of any merchandise*, thus any claim failing to involve facts giving rise to such a transaction must fail.  *See*  N.J.S.A. § 56:8-1(c) (defining "merchandise" as "any objects, wares, goods, commodities, services or anything offered directly or indirectly to the public for sale"); *Viking Yacht Co. v. Composites One LLC*, 496 F. Supp. 2d 462, 473 (D.N.J. 2007) (defining "consumer" as one "who uses (economic) goods, and so diminishes or destroys their utilities"). *See also Castro v. NYT Television,* 851 A.2d 88, 95 (N.J. App. Div. 2004); *City Check Cashing, Inc. v. Nat'l State Bank*, 582 A.2d 809, 811 (N.J. App. Div. 1990).

Plaintiff has not stated facts which plausibly give rise to a claim under this Act.  Plaintiff is not a consumer as defined by the Act.  Furthermore, there is no allegation of activity in connection with the sale of merchandise.  Plaintiff simply contends that the Defendant's letter was "an attempt to collect a debt in a deceptive matter."  (Pl.'s Compl. ¶ 25; Doc. No. 1.)  This allegation, even if true, does not give rise to a violation of the NJCFA.  Therefore, this Court will dismiss Plaintiff's NJCFA claim for failure to state a claim.

**III.     CONCLUSION**

For the reasons above, the Court will dismiss Plaintiff's complaint for failure to state a claim.  Accordingly, the Court will deny Plaintiff's motion for summary judgment as moot.  An appropriate form of order is filed herewith.

Dated: March 24, 2010

                                                    s/ Garrett E. Brown, Jr.
                                             GARRETT E. BROWN, JR., U.S.D.J.